1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :

    v.                              :   CRIMINAL NO. 1:CR-01-296
                                                    (Judge Kane)
FREDERICK L. JACKSON,            :
        Defendant

TRANSCRIPT OF PROCEEDINGS

SENTENCING

Before:  Hon. Yvette Kane, Judge

Date:    September 19, 2002

Place:   Courtroom No. 4
         Federal Building
         Harrisburg, Pa.

FILED
HARRISBURG, PA
MAR 2 4 2004
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

COUNSEL PRESENT:

    CHRISTY FAWCETT, Assistant U.S. Attorney

        For - Government

    ROBERT N. TARMAN, Esquire

        For - Defendant

Monica L. Zamiska, RPR
Official Court Reporter

1        MS. FAWCETT: Your Honor, this is No. 1:CR-01-296,
2   the United States of America v. Fred Jackson. The defendant
3   entered a plea of guilty before Your Honor on December 19,
4   2001. He's here with his attorney Mr. Tarman to be
5   sentenced.
6        THE COURT: Good morning, Mr. Tarman.
7        MR. TARMAN: If it please the Court, I have
8   reviewed the presentence and did not object. I would ask you
9   to give consideration to running this sentence partially
10  concurrent to his prior sentence. The argument would be that
11  they are both related to Rodney Mosley, helping him out, and
12  I believe it would be appropriate in this matter.
13       THE COURT: Mr. Jackson, do you wish to speak?
14       THE DEFENDANT: I'd just like to thank God for
15  waking me up this morning and giving him praise and the glory
16  and honor because he's the king of kings and lord of lords
17  and mighty of almighty, and he's the alpha and omega, the
18  beginning and the end. Without him I can do nothing, but I
19  can do all things through Jesus Christ who strengthens us.
20  Thank you.
21       THE COURT: Thank you.
22       Miss Fawcett.
23       MS. FAWCETT: Your Honor, the government is
24  requesting that the sentence in this case be imposed
25  consecutively to the sentence that Your Honor previously

1  imposed, and the reason for that position on the part of the
2  government is that the two offenses involved two criminal
3  episodes, they are two entirely different matters, and we
4  believe for that reason the sentence should be run
5  consecutively to the previous sentence.
6      MR. TARMAN:  They are different matters, Your
7  Honor, but again related to the same individual, and it was
8  the drug charges against him that really drove Fred up to the
9  statutory maximum in this case, in fact in both cases.
10     THE COURT:  Right.
11     MR. TARMAN:  And I would also point out that, as
12 the presentence indicates, that Fred has been a model inmate,
13 and he's doing well up there and has conducted himself as a
14 man it seems to me.
15     THE COURT:  All right.  Mr. Jackson, I'm glad you
16 returned to the Lord.  I think you know where your place is,
17 your family needs you.  You're doing a good job where you
18 are, you're going to do your time and you're going to be back
19 being a good father and I hope a good citizen and
20 disassociate yourself with some of the people who dragged you
21 down.  Are you getting any drug treatment in the prison?
22     THE DEFENDANT:  Yeah, I have went through a program
23 six months, it's on the record.
24     THE COURT:  All right.  I think all of the
25 circumstances surrounding Mr. Jackson's offenses and his

1  efforts at rehabilitation have been taken into consideration
2  by the government.  It's a pretty remarkable plea bargain
3  that they made in this case with a statutory maximum of 4
4  years, and considering that I'm going to run the sentence
5  consecutive.
6          Pursuant to the Sentencing Reform Act of 1984 it's
7  the judgment of the Court that the defendant Frederick
8  Jackson is hereby committed to the custody of the Bureau of
9  Prisons to be imprisoned for a term of 48 months.  Said term
10 is to be served consecutively to the sentence the defendant
11 is serving under Middle District Criminal Docket No.
12 1:CR-00-234-01.
13         The Court finds that the defendant has the ability
14 to pay a fine below the guideline range.  Accordingly it is
15 further ordered that the defendant pay to the United States
16 the sum of $1,100, consisting of a $1,000 fine and a special
17 assessment of $100.  The fine and assessment are due
18 immediately, shall be paid through the Clerk of Court and are
19 payable during the period of incarceration with any balance
20 to be paid within 1 year of Mr. Jackson's release from
21 custody.
22         On release from imprisonment the defendant shall be
23 placed on supervised release for a term of 1 year.
24         Within 72 hours of release from custody the
25 defendant shall report in person to the probation office in

1   the district to which he's released.

2   While on supervised release the defendant shall
3   comply with the standard conditions that have been adopted by
4   the Court and with the following special conditions: The
5   defendant shall pay any balance of the fine imposed by this
6   judgment that remains unpaid at the commencement of the term
7   of supervised release in minimum monthly installments of no
8   less than $100. The defendant shall not be self-employed
9   without the approval of the probation officer and shall
10  obtain approval of the probation officer prior to beginning
11  any employment. As a condition of supervision the defendant
12  shall submit to one drug test within 15 days of his release
13  from custody and at least two periodic drug tests thereafter.

14  Mr. Jackson, you do have a right to appeal your
15  conviction if you believe that your conviction was somehow
16  unlawful or involuntary or if you think there was some other
17  fundamental defect in these proceedings that you did not
18  waive by entering a guilty plea.

19  You also have a statutory right to appeal your
20  conviction under certain circumstances, particularly if you
21  think that the sentence I now imposed is contrary to law.

22  If you are not able to afford the cost of an
23  appeal, you do have a right to apply for leave to appeal in
24  forma pauperis. In that case you could ask that the Clerk of
25  Court prepare and file a notice of appeal on your behalf.

```
 1              Counsel, is there anything else for the record in
 2   this case?
 3              MS. FAWCETT:  No, Your Honor.
 4              MR. TARMAN:  No, Your Honor.
 5              THE COURT:  We'll be in recess.
 6              MS. FAWCETT:  Thank you, Your Honor.
 7              (The proceedings concluded.)
 8
 9              I hereby certify that the proceedings and evidence
10   of the court are contained fully and accurately in the notes
11   taken by me on the sentence of the within cause and that this
12   is a correct transcript of the same.
13                      _____
14                              Monica L. Zamiska, RPR
15                              Official Court Reporter
16
17
18
19
20
21
22
23
24
25
```